UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT CLARK                                       CIVIL ACTION

VERSUS

JAMES LeBLANC, ET AL.                    NO.: 17-00111-BAJ-EWD

## RULING AND ORDER

Before the Court is Plaintiff's **Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3)**. Defendants Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Louisiana State Penitentiary Warden Darrel Vannoy, Dr. Matthew Gamble, M.D., Dr. Randy Lavespere, M.D., Kristen Thomas, Bradley LaCombe, and Cynthia Park filed an opposition. (Doc. 15). For the following reasons, the **Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3)** is denied.

I.    BACKGROUND

*Pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, commenced this proceeding pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Dr. Mathew Gamble, Dr. Randy Lavespere, Warden Darrel Vannoy, Kristen Thomas, Bradely LaCombe, Lt. Col. Rheams, Lt. Jones, Ass't Warden Shirley Coodie, Major Rosso, Cynthia Park, and unidentified "Jane Doe" and "John Doe" personnel at LSP, complaining that he suffers from gender dysphoria and that the Defendants have violated his constitutional rights by

1

exhibiting deliberate indifference to his serious medical needs, specifically by failing to properly treat his condition and/or provide appropriate accommodation therefor. (Doc. 3). Plaintiff further asserts that Defendants have interfered with his access to the courts by failing to properly address his administrative grievances, have threatened retaliation in response to his complaints, and have failed to properly investigate claims of sexual assault and harassment. *Id.*

In the instant Motion, Plaintiff prays for preliminary injunctive relief, principally seeking to compel the Defendants to provide him with medical treatment in the form of hormone therapy and electrolysis. *Id.* Plaintiff also seeks to compel the Defendants to allow him to express his feminine nature, specifically through, *inter alia,* feminine grooming and dress, through the use of his preferred feminine name, and through restrictions upon exposure of his genitals and breasts to other inmates and to security officers. *Id.* Finally, Plaintiff seeks to be examined by a qualified specialist, to be evaluated and diagnosed relative to his condition of gender dysphoria, and to be prescribed an appropriate course of treatment. Specifically, Plaintiff's prays for an Order:

> (1) directing Defendants to provide plaintiff with medically necessary treatment for her gender dysphoria under the Standards of Care, including but not limited to providing Plaintiff hormone therapy and allowing her to express her female gender through grooming, pronouns, and dress; (2) enjoining Defendants [sic] continued enforcement of policies and or practices which hinder medically necessary treatments; (3) directing Defendants not to force Plaintiff to cut her cranial hair; (4) directing Defendant to remove cameras from bathroom and shower areas; (5) directing Defendants not to force Plaintiff to expose her breast or genital areas to other inmates absent exigent circumstances; (6) directing Defendants not to retaliate or threaten retaliation against Plaintiff for seeking legal redress; and (7) directing Defendants to

investigate and take proper actions pertaining to any PREA ["Prison Rape Elimination Act"] allegation(s) and to pursue such in a confidential manner.

Doc. 3-1 at 2-3.

## II. LEGAL STANDARD

Preliminary injunctive relief "is an extraordinary and drastic remedy, and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (quotation marks omitted). Further, the purpose of a temporary restraining order is to "preserve the *status quo* and prevent irreparable harm just so long as is necessary to hold a hearing, and no longer." *RW Development, LLC v. Cuningham Group Architecture, Inc.*, 2012 WL 3258782, *2 (S.D. Miss. Aug. 8, 2012) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974)); *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974). The movant seeking injunctive relief "must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Specifically, a plaintiff must establish (1) a substantial likelihood of prevailing on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted, and (4) that the injunction will not disserve the public interest. *See Canal Authority*, 489 F.2d at 572-73. If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address

the other elements necessary for granting a preliminary injunction. *Roho, Inc. v. Marquis*, 902 F.2d 356, 361 (5th Cir. 1990). The decision whether to grant or deny a request for preliminary injunctive relief is within the sound discretion of the district court. *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989).

III. **DISCUSSION**

Plaintiff has failed to show that the facts and law clearly favor his request for preliminary injunctive relief. Plaintiff's Motion, which relies solely on his own allegations, fails to show that he has a substantial likelihood of prevailing on the merits or that there is a substantial threat that he will suffer irreparable harm if the requested relief is not granted, much less that the law and the facts clearly favor him. Specifically, there are no exhibits provided whatever that support Plaintiff's factual allegations. Instead, Plaintiff offers only unsubstantiated allegations concerning his medical condition, his diagnosis, and his purported need for treatment that do not show that Plaintiff is not receiving any treatment at all, only that Plaintiff believes that he is in need of additional treatment and accommodation. In contrast, Dr. Randy Lavespere, the Medical Director at LSP, has provided an affidavit that attests that Plaintiff's first reports of any concerns regarding gender dysphoria or a purported need for hormone therapy did not occur until June, 2016, (Doc. 17-1), more than two years after his arrival at LSP, and Plaintiff concedes that he has since been provided with consultations with mental health personnel at LSP, with medication deemed

4

appropriate for his condition, and has been allowed to shower in private because of his privacy and security concerns.

In order for an inmate to prevail on an Eighth Amendment claim for the deprivation of medical care, a prisoner must be able to show that appropriate care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Thomas v. Carter*, 593 Fed. Appx. 338, 342 (5th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue because a prisoner's mere disagreement with his medical treatment, absent exceptional circumstances, does not support a claim of deliberate medical indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. *See Zaunbrecher v. Gaudin*, Fed. Appx. 340 (5th Cir. 2016).

Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839-30 (1994). A prison official acts with deliberate indifference only if the official (1) "knows that inmates face a substantial risk of serious bodily harm," and (2) "disregards that risk by failing to take reasonable measures to abate it." *Gobert v. Caldwell*, 463 F.3d at 346 (quoting *Farmer v. Brennan*, 511 U.S. at 847). The deliberate indifference standard sets a very high bar. Plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar

5

conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Estelle v. Gamble*, 429 U.S). Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)).

"[T]here currently is no controlling precedent in the Fifth Circuit as to whether refusing hormone therapy to a person, diagnosed with gender dysphoria, violates the Eighth Amendment prohibition against cruel and unusual punishment." *Young v. Adams*, 693 F. Supp. 2d 635 (W.D. Tex. 2010). Further, the courts that have addressed this issue in this Circuit have generally rejected the claims of inmate plaintiffs under the facts presented in those cases. *See Praylor v. TDCJ*, 430 F.3d 1208, 1209 (5th Cir. 2005) (assuming without deciding that transsexualism presents a serious medical need but holding, on the record before it, that "the refusal to provide hormone therapy did not constitute the requisite deliberate indifference"); *Young v. Adams*, 693 F. Supp. 2d (dismissing an inmate-plaintiff's request for hormone therapy for failure to state a claim upon which relief may be granted); *Sears v. Newcomer*, 2012 WL 3198580 (W.D. La. June 29, 2012) (dismissing an inmate-plaintiff's request for a transfer to a facility that could provide treatment for transsexualism); *Scribner v. Surapaneni*, 2006 WL 3761976 (E.D. Tex. Dec. 21, 2006)

6

(dismissing an inmate-plaintiff's request for hormone therapy on motion for summary judgment).[1]

The Court in *Praylor v. TDCJ*, in finding that no deliberate indifference was shown *in that case*, appeared to suggest that under certain facts the provision of hormone therapy may be warranted. Notwithstanding, Plaintiff has not met his burden of proof in establishing in this case that an award of preliminary injunctive relief at this juncture is appropriate, and the jurisprudence in this Circuit post-*Praylor*, as noted above, supports this conclusion. In short, Plaintiff has not shown

---

[1] As noted in *Young v. Adams*, which recognized that the Fifth Circuit had not definitively addressed the issue:

> The appellate courts that have considered the issue have uniformly recognized gender dysphoria as a serious medical condition. *See De'Lonta v. Angelone*, 330 F.3d 630 (4th Cir. 2003); *Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000); *Allard v. Gomez*, 9 Fed. Appx. 793, 794 (9th Cir. 2001); *Brown v. Zavaras*, 63 F.3d 967, 970 (10th Cir. 1995); *White v. Farrier*, 849 F.2d 322, 325 (8th Cir. 1988); *Meriwether v. Faulkner*, 821 F.2d 408, 413 (7th Cir. 1987). Not a single decision, however, mandates hormone therapy. The manner of treatment is within the discretion of the prison. *Maggert v. Hanks*, 131 F.3d 670, 671 (7th Cir. 1997); *Brown*, 63 F.3d at 970; *White*, 849 F.2d at 327-28; *Supre v. Ricketts*, 792 F.2d 958, 963 (10th Cir. 1986). In limited circumstances, a Plaintiff may be entitled to hormone therapy in some jurisdictions. *South v. Gomez*, 211 F.3d 1275 (9th Cir. 2000) (approving district court decision that an inmate was entitled to hormone therapy when all experts conceded that Plaintiff (1) had gender dysphoria and (2) had already been taking hormone therapy prior to incarceration); *Phillips v. Michigan Dep't of Corrections*, 731 F. Supp. 792 (W.D. Mich. 1990), *aff'd*, 932 F.2d 969 (6th Cir. 1991) (termination of hormone therapy not appropriate where inmate had been previously diagnosed with gender dysphoria by a medical professional and was being treated with hormone therapy upon incarceration). The Seventh Circuit has suggested that an inmate might not be eligible for any curative treatment for gender dysphoria, if such treatment is cost prohibitive. *Maggert*, 131 F.3d at 672.

*Id.* at 640-41. Of significance in the above-referenced decisions was the issue whether the inmate plaintiff had been diagnosed with gender dysphoria and had been prescribed hormone therapy prior to his incarceration. In the instant case, in contrast, Plaintiff makes no such allegation. Whereas Plaintiff alleges that he was confined in the Texas prison system for 15 years prior to his incarceration in Louisiana, he makes no assertion that he was diagnosed with gender dysphoria or prescribed hormone therapy by Texas officials. The most that Plaintiff asserts is that, upon release from confinement in Texas, he began using "black market hormone treatments," but he does not assert that such treatments were prescribed for him. (*See* Doc. 3-1 at p. 4).

that he has a reasonable likelihood of success on the merits. *See Scribner*, 2006 WL 3761976 (wherein evidence was adduced on motion for summary judgment that even a diagnosis of gender dysphoria does not necessarily mandate hormone therapy and that a health care provider must "weigh the anticipated benefit of the treatment against the potential risk[s]," which are not inconsequential).[2]

In addition to the foregoing, the Court finds that any harm that may come to Plaintiff is likely to not be irreparable and can be compensated for monetarily and, if warranted, redressed by way of a post-judgment injunction and/or restraining order. As noted above, Defendants contend that Plaintiff resided at LSP for more than two years without requesting hormone treatment and then filed the instant proceeding approximately six months after such request. In addition, the relief sought by Plaintiff in the instant Motion is generally co-extensive with the relief sought in his Complaint and, as a general rule, because preliminary injunctive relief is designed to preserve the *status quo* prior to the Court's substantive consideration of a case, it is not intended as a substitute for relief on the merits of the case. *See Federal Savings & Loan Insurance Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. 1987); *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir. 1985). The Court notes in this regard that Defendants have filed pending Motions to Dismiss herein (Docs. 12 and 16), and

---

[2] The Court further notes that there appears to be a question in this case whether Plaintiff exhausted his administrative remedies prior to commencement of this proceeding as mandated by 42 U.S.C. § 1997e. (*See* Doc. 17 at p. 5). Considering that Plaintiff does not have a constitutional right to have his administrative claims addressed or resolved to his satisfaction, *see Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), this is not an appropriate subject for preliminary injunctive relief.

the Court will have an opportunity to address Plaintiff's substantive issues in the context of those Motions.

Finally, Plaintiff has not shown that preliminary injunctive relief will not disserve the public interest. Considerations of federalism weigh heavily against interference by federal courts through the issuance of preliminary injunctions against state agencies. The Supreme Court has stated that prison administrators are to be accorded wide-ranging deference in their adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain internal security. *Block v. Rutherford*, 468 U.S. 576, 584-85 (1984). Consequently, the Court has noted that federal district courts are not to allow themselves to become "enmeshed in minutiae of prison operations." *Lewis v. Casey*, 518 U.S. 343 (1996) (citing *Bell v. Wolfish*, 441 U.S. 520, 562 (1979). Plaintiff asks this Court to enmesh itself in the internal operations of the prison in order for him to receive the medical treatment and accommodations that he believes to be most appropriate. Plaintiff has failed, however, to overcome his onerous burden of proof, and his request for preliminary injunctive relief cannot be granted.[3]

---

[3] Plaintiff's claims regarding grooming and dress are particularly within the province of internal security and penological order. For example, uniformity of dress is a hallmark of the prison system, and courts have long recognized that prisoners' hair length presents a security concern because of the danger of contraband and weapons being secreted therein. Accordingly, the Court will defer consideration of these claims inasmuch as they present neither a likelihood of success on the merits nor a potential for irreparable injury.

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3)** is **DENIED**.

Baton Rouge, Louisiana, this 21st day of September, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA